Cite as 2019 Ark. App. 422

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-19-273

| | |
|---|---|
| | **Opinion Delivered:** September 25, 2019 |
| MELISSA BRAY (NOW BARNES) | |
| APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63DR-14-167] |
| V. | |
| DEVIN BRAY | HONORABLE BARBARA WEBB, JUDGE |
| APPELLEE | |
| | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; SUPPLEMENTAL ADDENDUM ORDERED |

## WAYMOND M. BROWN, Judge

Appellant Melissa Bray (now Barnes) appeals the Saline County Circuit Court's November 30, 2018 order modifying her visitation with her son, R.B. The court found that there had been a material change in circumstances to warrant the change in appellant's visitation schedule and that the modification was in the child's best interest. Appellant argues that the court erred by not granting her custody of R.B. and that the modification was in error. We remand this case to settle and supplement the record. We also order appellant to supplement her addendum.

The parties were married on April 2, 2011. During their marriage, one child, R.B., was born. The parties were divorced by a decree entered on May 1, 2013. According to

the decree, the parties were to have joint custody of R.B., with appellee serving as the primary custodian. Appellant was granted weekend custody of R.B., from Friday to Monday morning of each week. Appellant filed a verified motion to change custody on May 16, 2018, alleging that there was a substantial change in circumstances. According to the motion, appellee was the custodial parent "as of the [o]rder filed October 17, 2017 subject to [appellant's] physical custody three weekends per month." Although appellant states that such an order exists, it is not in the record. Additionally, appellant's statement of the case mentions several motions for change of custody as well as court orders addressing those motions; however, they are also not contained in the record before us. If anything material to either party is omitted from the record, by error or by accident, we may direct that the omission or misstatement be corrected and, if necessary, that a supplemental record be certified and transmitted.[1] Therefore, we remand to the trial court to settle and supplement the record with all motions for change in custody, responses, and subsequent court orders addressing the motions filed by either party following their divorce.

Arkansas Supreme Court Rule 4–2(a)(8) requires the addendum to include true and legible copies of the nontranscript items on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Here, appellee filed a response to appellant's change-of-custody motion on June 15, 2018; however, it is not in the addendum. It will need to be placed in the supplemental addendum. Also, once the record is settled and supplemented, those items will need to be

---

[1]Ark. R. App. P.–Civ. 6(e) (2018); *Jenkins v. APS Ins., LLC*, 2012 Ark. App. 368, at 6.

placed in the addendum as they are essential for us to decide the issues on appeal and to confirm our jurisdiction.

We remand to the trial court to settle and supplement the record within thirty days. We order appellant to file a supplemental addendum within seven days from the date the supplemental record is filed.[2]

Remanded to settle and supplement the record; supplemental addendum ordered.

KLAPPENBACH and HIXSON, JJ., agree.

*Kristin Riggan*, for appellant.

*Everett O. Martindale*, for appellee.

---

[2]*See Taper v. City of Forrest City*, 2017 Ark. App. 470.